

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6071
Re: Since House Bill 20, regulating
the practice of Chiropractic, has
been declared invalid by the
Court of Criminal Appeals, is
the Comptroller of Public Accounts
authorized to issue warrants in
payment of claims for payment
against the fees appropriated
under said Act and another
question.

This will acknowledge receipt of your letter, dated
June 8, 1944, which reads, in part, as follows:

"On yesterday the Court of Criminal Appeals
held House Bill 20 regulating the practice of
Chiropractic invalid. This department has before
it a number of claims for payment against the fees
appropriated under said Act. Are we authorized
to issue warrants in payment of same?

"Until motion for rehearing is overruled, is
the Texas Board of Chiropractic Examiners authorized
to incur expenses against the funds provided for
under the Chiropractic Act?"

We are well aware of the fact that Article 1807,
Vernon's Annotated Civil Statutes, provides as follows:

"When the court from which an appeal has or
may be taken has been or shall be deprived of
jurisdiction over any case pending such appeal,
and when such case has or may be determined by
the Court of Criminal Appeals, the mandate of
said appellate court shall be directed to the
court to which jurisdiction has been or may be,
given over such case."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Also, we are familiar with Article 849, Vernon's Annotated Code of Criminal Procedure, provides as follows:

"When the judgment of the Court of Criminal Appeals is final, the clerk shall make out the proper certificate of the proceedings had and judgment rendered, and mail the same to the clerk of the proper court." (Emphasis ours.)

→ Ordinarily a judgment cannot be said to be final in the sense that it is conclusive of the rights of the parties until it has reached that stage at which it can neither be set aside nor reversed on appeal. Cases cited 26 Tex. Juris. p. 81. And so long as the right to revision endures, there is "more than a mere possibility" that the judgment may ultimately be set aside. Rabinowitz v. Darnall (Com. App.) 13 S. W. (2d) 73, reversing 2 S. W. (2d) 930.

The Court of Criminal Appeals of this State in Cause No. 22,775, styled Ex parte W. B. Halsted, delivered a judgment on June 7, 1944, in which they held unconstitutional Arts. 4512a-1 to 4512a-18, Vernon's Annotated Revised Civil Statutes, known as the "Chiropractic Act". We quote from said opinion, in part, as follows:

". . . .

"As laudable and praiseworthy as was the legislative purpose, yet such facts furnish no reason or basis to violate the Constitution of this State to attain that objective. When the Constitution speaks, it is supreme. An enduring and lasting government requires that it so remain.

"When this Act is thus construed as an overall picture, chiropractic and the practice thereof is either definite or indefinite, certain or uncertain. If indefinite or uncertain, it falls by reason thereof. If it be definite and certain, it violates the non-preference clause of Art. 16, Sec. 31, of the Constitution of this State.

"It follows, from what has been said, that we hold the Act unconstitutional and void. There exists, therefore, no valid law denouncing as a crime the acts charged against relator, and he is entitled to be discharged.

". . . .'

Opinion No. O-4715, by this Department, reads, in part, as follows:

"Under the statutes and rules above referred to and set out, it was made the duty of the county auditor to see that no payments of salaries were made to said county commissioners in excess of those provided for by law. Salaries having been paid to the Commissioners of Hays County in excess of those provided for by law, we hold that the County Auditor is liable for all such sums so paid, insofar as he acted maliciously, corruptly or negligently in permitting said payment to be made. It is our further opinion, however, that the same rule of good faith would apply to him as we have hereinabove held should apply to the County Commissioners, in that said Auditor would not be liable to pay any of said sums paid to said Commissioners prior to the date he may have received authoritative advice from the County or District Attorney, or the Attorney General, that the law under which said excess payments were made to said Commissioners was unconstitutional, or that same no longer applied to Hays County by reason of the change in the population or valuation bracket, whichever was first in point of time."

Under the facts as herein presented, a motion for rehearing was filed within the fifteen day period prescribed by statute, and the above judgment of the Court of Criminal Appeals is not final, but we think that it authoritively advises the Comptroller of Public Accounts, Texas Board of Chiropractic Examiners and everyone else that said "Chiropractic Act" is unconstitutional.

In view of the foregoing, it is the opinion of this department that the Board of Chiropractic Examiners is not authorized to incur expenses against funds provided for under the "Chiropractic Act".

Trusting this satisfactorily answers your inquiry, we are

SEP 27 1944

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By          J. C. Davis, Jr.
            J. C. Davis, Jr.
            Assistant

JCD:rt